IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-78-BO-9
No. 7:16-CV-292-BO

| | |
|---|---|
| ALICIA DRAYTON, ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 413, 417]. The government has moved to dismiss the petition, [DE 420], petitioner has responded, [DE 432], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On November 17, 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute a quantity of heroin, in violation of 21 U.S.C. § 846. [DE 156 at 4]. On November 13, 2015, the Court sentenced petitioner to 24 months' imprisonment and 3 years' supervised release. [DE 340]. Petitioner did not appeal her judgment.

On August 8, 2016, petitioner filed the instant motion under § 2255. [DE. 413]. Petitioner re-filed a signed version of that motion on August 23, 2016. [DE 417]. Petitioner argues that her sentence should be reduced in light of an amendment to the sentencing guidelines. [DE 413 at 4; DE 417 at 4]. The government moved to dismiss the motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [DE 420]. Petitioner responded, asserting again that she is entitled to the sentence reduction and moving for

leave to file a motion under 18 U.S.C. § 3582(c)(2). [DE 432].

DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner has identified no basis upon which to her sentence may be reduced or vacated. First, petitioner's motion amounts to a challenge to her advisory guideline range, and such a challenge is not cognizable on collateral review. *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (discussing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015). Additionally, petitioner relies on a recent amendment to the Sentencing Guidelines, Amendment 794, to argue that she should be granted relief for having only a minor role in the offense. However, Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed. Additionally, petitioner has not identified any court which has applied such amendment retroactively on collateral review. *See, e.g., United*

2

States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016) (holding that Amendment 794 is retroactively applicable to cases on *direct appeal*); *United States v. Perez-Carrillo*, No. 7:14-CR-00050, 2016 WL 4524246, at *1 (W.D. Va. Aug. 26, 2016) ("The United States Sentencing Commission did not make Amendment 794 retroactive to all cases."). Consequently, petitioner is not entitled to relief under Amendment 794 and has failed to state a claim upon which relief can be granted.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 420] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 413, 417] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 21 day of April, 2017.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3